UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AUNTERRIO BARNEY,
   Plaintiff,

vs.                                            No. 08-1255

ROGER WALKER, et. al.,
   Defendants

## MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Aunterrio Barney, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named six defendants including Illinois Department of Corrections Director Roger Walker, Administrative Review Board Member Jackie Miller, Correctional Officer Jeffery Gabor, Correctional Officer Veal, Internal Affairs Investigator Hollenbeck and Internal Affairs Investigator Culkin.

The plaintiff's complaint is somewhat difficult to decipher, but attached exhibits help explain some of the events. An investigative report indicates that on April 18, 2008, Correctional Officer Veal posed as a relative of the plaintiff and sent a Western Union Money Order in the amount of $200 dollars to the plaintiff. The plaintiff accepted the money and spent it.

The incident was investigated by the correctional facility's Internal Affairs department. The attached investigative report states that the plaintiff refused to cooperate with the investigation and provided false information. In his complaint, the plaintiff states that he did not ask Officer Veal to send him the money and had no idea the money had actually come from the officer. The investigative report states that when Officer Veal was confronted with the known facts, she resigned from the Illinois Department of Corrections. (Comp, April 18, 2008 Inv. Report).

The plaintiff was charged with Impeding or Interfering with an Investigation, Giving False Information to an Employee and Trading or Trafficking. The plaintiff was found guilty of the offenses and received one year C grade status, 1 year segregation and 1 year revocation of good time credits. (Comp, June 4, 2008 ARB ltr).

1

The plaintiff first claims the named defendants retaliated against him by charging him with these offenses. However, the plaintiff has not articulated a retaliation claim. Retaliation is an action taken as the result of a prior event. The plaintiff does not state what prior event sparked the retaliation. In addition, unless the plaintiff can demonstrate that the disciplinary report has been expunged or the good time credits were reinstated, he cannot challenge the disciplinary ticket even if he believes it was retaliatory.

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended this ruling to include suits attacking intra prison disciplinary sanctions that affect the overall length of confinement. The plaintiff has demonstrated that the disciplinary proceeding resulted in the loss of good time credits. Therefore, his claims concerning the disciplinary ticket are barred by *Heck,* 512 U.S. 477.

The plaintiff next states that when the defendants were investigating the disciplinary ticket, they used excessive force against him. The plaintiff says Defendants Hollenbeck and Culkin held him down and punched him in the head causing injury. Defendant Gabor stood by and did nothing to stop the other officers. The plaintiff has adequately alleged that Defendants Hollenbeck and Culkin used excessive force in violation of the Eighth Amendment and Defendant Gabor failed to protect the plaintiff from the attack in violation of the Eighth Amendment. The court also notes that the plaintiff is accusing Defendants Hollenbeck and Culkin of the state law offense of assault and battery.

The plaintiff next claims that he asked these same defendants for medical care after the assault, but they ignored him. The plaintiff does not clearly explain what injuries he endured. However, for the purposes of notice pleading, the court finds the plaintiff has adequately alleged that Defendants Hollenbeck, Culkin and Gabor violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.

Finally, the court notes that the plaintiff makes several claims about the false charges, a cover up and tampering with evidence. However, as previously stated, these claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). The plaintiff has therefore failed to state any claims upon which relief can be granted against Defendants Walker, Miller, and Veal.

**IT IS THEREFORE ORDERED that:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

  a) Defendants Hollenbeck and Culkin used excessive force in violation of the Eighth Amendment and Defendant Gabor failed to protect the plaintiff from the attack in violation of the Eighth Amendment.

  b) Defendants Hollenbeck, Culkin and Gabor violated the Eighth Amendment they were deliberately indifferent to the plaintiff's serious medical condition.

  c) Defendants Hollenbeck and Culkin committed the state law offense of assault and battery.
  The claims are against the defendants in their individual capacities.

2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The plaintiff has therefore failed to state any claims upon which relief can be granted against Defendants Walker, Miller, and Veal. The clerk of the court is directed to dismiss these defendants pursuant to 28 U.S.C. §1915A.

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

  Entered this <u>13th D</u>ay of November, 2008.


                              s\Harold A. Baker
                    _____
                              HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE